UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X

LARRY DAVIS and BEVERLEY RICE

                    Plaintiffs,

- against -

THE CITY OF NEW YORK; and
KARLENE TORRES, individually;

                    Defendants.
----------------------------------------------------------X

07 CV 3386

COMPLAINT

Plaintiffs Demand Trial By Jury



Plaintiffs complaining of the defendants by their attorneys, MICHAEL J. ANDREWS, P.C., hereby allege upon information and belief as follows:

## PREAMBLE

1. As alleged with more particularity below, the defendants are alleged to have unlawfully seized, detained, and arrested Larry Davis and then maliciously prosecuted plaintiff Larry Davis.

2. Jurisdiction of this Court is invoked under the provisions of Sections 1331, 1343(3), and 1367(a) of Title 28, United States Code and pursuant to Sections 1983 and 1988 of Title 42, United States Code.

3. Venue is placed in the Southern District of New York because it is a district in which a substantial part of the events giving rise to the claims occurred.

## THE PARTIES

4. The plaintiff, LARRY DAVIS ("DAVIS"), is an adult resident of the State of New York.

5. The plaintiff, BEVERLEY RICE ("RICE"), is an adult resident of the State of New York.

6. Plaintiffs Davis and Rice are lawfully married to one another and they were lawfully married to one another at all relevant times.

7. The defendant, CITY OF NEW YORK was and still is a municipal corporation duly organized under the laws of the State of New York.

8. The defendant KARLENE TORRES, ("TORRES") is an adult resident of the State of New York.

9. At all relevant times, the defendant TORRES was and is an employee of the defendant CITY OF NEW YORK.

10. At all relevant times, defendant TORRES was and is a law enforcement officer employed by the defendant CITY OF NEW YORK and is employed within the New York City Police Department.

11. At all relevant times, defendant TORRES was acting within the scope of her employment and in the furtherance of her duties with defendant CITY OF NEW YORK.

12. Defendant TORRES is sued only in her individual capacity.

13. At all relevant times, defendant TORRES was acting under color of law, to wit: the laws of the State of New York and City of New York.

## NOTICE OF CLAIM PROVISIONS

14. On or about December 11, 2006, a Justice of the Supreme Court, State of New York signed an order to show cause requiring the defendant City of New York to show cause why an order should not be entered granting plaintiffs permission to serve a late notice of claim, nunc pro tunc, and deeming said notice of claim timely served; by order dated March 28, 2007 and duly entered with the clerk of the court on the 2nd day of April 2007, Supreme Court granted plaintiffs' request; therefore a notice of claim has been duly served and filed with the Office of the Corporation Counsel, this

2

action was commenced within the requisite period from the accrual of the action; and that at least thirty days have elapsed since the service of the Notice of Claim and an adjustment or payment thereof has been neglected or refused.

### AS AND FOR A FIRST CAUSE OF ACTION FOR AN UNLAWFUL SEIZURE

15. On January 31, 2006, the defendants CITY OF NEW YORK and TORRES, their agents, servants, and/or their employees seized, detained, and arrested plaintiff, Larry Davis, against his will, without his consent, without a warrant, and without legal justification or excuse.

16. On January 31, 2006, while at 26 Federal Plaza, defendant TORRES placed handcuffs upon plaintiff Larry Davis.

17. The plaintiff Larry Davis was not arrested pursuant to a warrant.

18. Defendants CITY OF NEW YORK and TORRES intended for plaintiff Larry Davis to be seized, confined, and arrested.

19. Plaintiff Larry Davis was aware and conscious of his seizure, confinement, and arrest.

20. The seizure, confinement, and arrest of plaintiff Larry Davis was not privileged.

21. There was no probable cause to seize plaintiff Larry Davis.

22. There was no probable cause to arrest plaintiff Larry Davis.

23. Larry Davis did not consent to the seizure or arrest of his person.

24. The defendants were aware of the unlawful seizure, confinement, and arrest.

25. The defendants were actually aware that there was no probable cause to arrest, seize, or detain Larry Davis on January 31, 2006.

26. Defendant TORRES arrested plaintiff Larry Davis pursuant to an official custom, policy, and/or practice of the defendant CITY OF NEW YORK known as "Operation Stinking Badges."

27. The defendants failed to intercede to terminate the unlawful confinement and constitutional violations occurring in their presence.

28. On January 31, 2006 and continuing until approximately 8:00 p.m. on February 1, 2006, the defendants, including the CITY OF NEW YORK and TORRES, their agents, servants, and/or their employees held plaintiff Larry Davis in custody without plaintiff's consent, without a warrant, and without legal justification or excuse.

29. As a result of the said defendants' actions, plaintiff Larry Davis was placed in apprehension of imminent offensive bodily contact.

30. As a result of the said defendants' action, an offensive bodily contact occurred against plaintiff Larry Davis.

31. The actions of the said defendants were wilful, intentional, unwarranted, and without legal justification or excuse.

32. As the result of the foregoing, plaintiff Larry Davis feared for his personal safety, was deprived of his liberty, subjected to scorn, ridicule, and embarrassment, suffered from shock and personal injuries, damages and was prevented from performing his usual and customary duties.

33. The acts of the aforesaid defendants violated the rights granted to the plaintiff pursuant to Article 1, §12 of the New York State Constitution and other laws of the State of New York.

34. The acts of the aforesaid defendants violated the rights granted to plaintiff pursuant to the Fourth and Fourteenth Amendments to the United States Constitution. As such, plaintiff seeks relief pursuant to 42 U.S.C. §1983.

## AS AND FOR A SECOND CAUSE OF ACTION FOR UNLAWFUL SEIZURE AND DEPRIVATION OF LIBERTY BY MALICIOUS PROSECUTION

35. On or about February 1, 2006, the defendants CITY OF NEW YORK and TORRES commenced a criminal proceeding against plaintiff Larry Davis.

36. Defendants CITY OF NEW YORK and TORRES knew that there was no probable cause to believe that plaintiff Larry Davis was guilty of the offense charged.

37. In the complaint filed against Larry Davis, defendant TORRES falsely asserted, in part, that Larry Davis had "represented himself falsely as being [a member of the New York City Police Department] with a fraudulent design...."

38. Defendant TORRES knew that Larry Davis had not "represented himself falsely as being [a member of the New York City Police Department] with a fraudulent design...."

39. Defendant TORRES further alleged that Larry Davis had violated §14-107 of the Administrative of Code of the City of New York by his mere possession of an object which defendant TORRES claimed "resembled a genuine detective shield issued by the City of New York Police Department."

40. However, defendant TORRES also knew that New York City Police Department detective shields do not contain the words "Inter County Rescue Diver" on the shields nor do such shields contain the words "Emer. Med. Tech."

41. Defendants TORRES and the CITY OF NEW YORK also both knew that on or about September 11, 2000, a relevant portion of Administrative Code §14-107 was struck down as unconstitutionally vague in the case of *People v. Iftikar*, 185 Misc.2d 565, 572 (Crim Ct. Queens County, 2000) and see *People v. Stuart* 100 N.Y.2d 412, 419, fn. 6; 765 N.Y.S.2d 1 (2003)(collecting lower court decisions striking down criminal statutes or ordinances as unconstitutionally vague and citing to *People v. Iftikar*).

5

42. There was no probable cause for the criminal proceeding.

43. The said defendants acted with malice in commencing that proceeding.

44. On or about April 19, 2006, the criminal proceeding terminated in plaintiff's favor in a manner sufficient to support cause of action for malicious prosecution.

45. Plaintiff remained seized in a constitutional sense throughout the pendency of the criminal proceedings.

46. Plaintiff incurred expenses as a result of the criminal proceedings brought against him by defendants.

47. Defendant TORRES commenced the criminal prosecution of plaintiff Larry Davis pursuant to an official custom, policy, and/or practice of the defendant CITY OF NEW YORK known as "Operation Stinking Badges."

48. As the result of the foregoing, plaintiff was deprived of his liberty, subjected to scorn, ridicule, and embarrassment, suffered from shock and personal injuries, and other damages.

49. The acts of the aforesaid defendants violated the rights granted to the plaintiff pursuant to Article 1, §12 of the New York State Constitution and other laws of the State of New York.

50. The acts of the aforesaid defendants violated the rights granted to plaintiff pursuant to the Fourth and Fourteenth Amendments to the United States Constitution. As such, plaintiff seeks relief pursuant to 42 U.S.C. §1983.

### AS AND FOR A THIRD CAUSE OF ACTION FOR LOSS OF SERVICES

51. At all relevant times, the plaintiff, BEVERLEY RICE is, and has been, the wife of the plaintiff, LARRY DAVIS and she is entitled to the benefit of the services, society, and companionship of her said husband.

52.    That by reason of the aforesaid injuries sustained by the plaintiff's husband, the plaintiff was deprived of the services, society and companionship of her said husband and upon information and belief may be permanently deprived of same.

### ARTICLE 16 IS INAPPLICABLE TO INSTANT ACTION

53.    The provisions of Article 16 to the CPLR of the State of New York do not apply to the instant action.

54.    The defendants acted with intent.

WHEREFORE, plaintiff demands judgment against the defendants as follows:

(i)    Compensatory damages in an amount of money that is fair, just, and reasonable;

(ii)   Punitive damages, against the individual defendant, in an amount that is just, reasonable, and fair;

(iii)  Attorneys' fees and the costs of this action;

(iv)   Such other relief as is fair, just, or equitable.

Dated: New York, New York
       April 26, 2007

BY: _____
Michael J. Andrews (MA 1441)

MICHAEL J. ANDREWS, P.C.
Attorneys For Plaintiffs
OFFICE & P.O. ADDRESS
60 East 42nd Street, Suite 4700
New York, N.Y. 10165
(212) 557-7767