

**MICHAEL A. CARDOZO**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 Church St.
New York, NY 10007

**JOYCE CAMPBELL PRIVÉTERRE**
*Special Federal Litigation Division*
(212) 788-1277
Fax: (212) 788-9776

**MEMO ENDORSED**

June 5, 2007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6-6-07
```

<u>Via Facsimile (212) 805-7919</u>
The Honorable Leonard B. Sand
United States District Judge
Southern District of New York
500 Pearl Street, Room 1650
New York, New York 10007-1312

    Re: <u>Davis et al v. City of New York et al.</u>
       07 CV 3386 (LBS)

Your Honor:

  I am the Assistant Corporation Counsel in the Office of Michael A. Cardozo, Corporation Counsel of the City of New York, attorney for defendant City. Plaintiff has filed the above-referenced complaint, wherein he alleges, *inter alia*, that on December 11, 2006, he was falsely arrested and detained by New York City police officers. Plaintiff further asserts a claim for malicious prosecution[1]. Defendant City respectfully requests an extension of the time to answer or otherwise respond to the complaint from its current due date of June 5, 2007 to August 3, 2007. Plaintiff's attorney, Michael Andrews, Esq., has consents to our request.

  Defendant has several reasons for seeking an enlargement of time. In accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, the City requires additional time to investigate plaintiff's allegations. With respect to the false arrest and malicious prosecution charges, it is our understanding that records pertaining to the underlying criminal action, including police records, may have been sealed pursuant to New York Criminal Procedure Law § 160.50.

---

[1] Plaintiff's wife, Beverly Rice, also asserts a claim for loss of consortium.

**MEMO ENDORSED**

*Extension to 8/3/2007
granted on consent
so ordered

6/6/07   LB Sand, USDJ*

Additionally, plaintiff alleges that he sustained "personal" injuries. Therefore, this office is in the process of forwarding to plaintiff for execution a consent and authorization for the release of pertinent sealed records, as well as medical authorizations to obtain records pertaining to his purported injuries. The enlargement of time will enable the City to properly assess the case and respond to the complaint.

Moreover, upon a review of the docket sheet, we have determined that the individually-named defendant, purportedly employed by the New York City Police Department, has not been served. Thus, the requested extension will enable plaintiff to complete service of process. Once service is effected, the City will have additional time to determine, pursuant to Section 50-k of the New York General Municipal Law, and based on a review of the facts of the case, whether we may represent the individual defendant. See Mercurio v. The City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)).

No previous request for an enlargement of time has been made. Accordingly, we respectfully request that defendant City's time to answer or otherwise respond to the complaint be extended to August 3, 2007.

Thank you for your consideration in this matter.

Respectfully submitted,

Joyce Campbell Priveterre (JCP 1846)
Assistant Corporation Counsel

cc: Via Facsimile (212) 557-7765

Michael J. Andrews, Esq.
Michael J. Andrews, P.C.
60 East 42nd Street, 47th Floor
New York, New York 10165
Tel: (212) 557-7767

**MEMO ENDORSED**