UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

LARRY DAVIS and BEVERLEY RICE,

                                                Plaintiff,

-against-

THE CITY OF NEW YORK; and KARLENE TORRES,
individually,

                                                Defendants.

------------------------------------------------------------X

**ANSWER**

07 CV 3386 (LBS)

**Jury Trial Demanded**

        Defendant City of New York by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, as for an answer to the complaint, respectfully alleges, upon information and belief, as follows[1]:

1.     Denies the allegations set forth in paragraph "1" of the complaint, except admits that plaintiffs purport to proceed as stated therein.

2.     Denies the allegations set forth in paragraph "2" of the complaint, except admits that plaintiffs purport to invoke the Court's jurisdiction as stated therein.

3.     Denies the allegations set forth in paragraph "3" of the complaint, except admits that plaintiffs purport to base venue as stated therein.

4.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the complaint.

---

[1] Upon information and belief, the defendant sued herein as "Karlene Torres" has not been served, and as such, is not a party to this action.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the complaint.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

7. Denies the allegations set forth in paragraph "7" of the complaint, except admits that defendant City of New York is a municipal corporation.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the complaint.

9. Denies the allegations set forth in paragraph "9" of the complaint, except admits that defendant Karlene Torres was employed by defendant City of New York within the New York City Police Department.

10. Denies the allegations set forth in paragraph "10" of the complaint, except admits that defendant Karlene Torres was employed by defendant City of New York within the New York City Police Department.

11. Defendant states that the statement set forth in paragraph "11" of the complaint constitutes a legal conclusion to which no response is required.

12. Denies the allegations set forth in paragraph "12" of the complaint, except admits that plaintiffs purport to proceed as stated therein.

13. Defendant states that the statement set forth in paragraph "13" of the complaint constitutes a legal conclusion to which no response is required.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the complaint.

15. Denies the allegations set forth in paragraph "15" of the complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint.

18. Denies the allegations set forth in paragraph "18" of the complaint.

19. Denies the allegations set forth in paragraph "19" of the complaint.

20. Denies the allegations of ransacking set forth in paragraph "20" of the complaint.

21. Denies the allegations set forth in paragraph "21" of the complaint.

22. Denies the allegations set forth in paragraph "22" of the complaint.

23. Denies the allegations set forth in paragraph "23" of the complaint.

24. Denies the allegations set forth in paragraph "24 of the complaint.

25. Denies the allegations set forth in paragraph "25" of the complaint.

26. Denies the allegations set forth in paragraph "26" of the complaint.

27. Denies the allegations set forth in paragraph "27" of the complaint.

28. Denies the allegations set forth in paragraph "28" of the complaint.

29. Denies the allegations set forth in paragraph "29" of the complaint.

30. Denies the allegations set forth in paragraph "30" of the complaint.

31. Denies the allegations set forth in paragraph "31" of the complaint.

32. Denies the allegations set forth in paragraph "32" of the complaint.

33. Denies the allegations set forth in paragraph "33" of the complaint.

34. Denies the allegations set forth in paragraph "34" of the complaint.

35. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the complaint.

36. Denies the allegations set forth in paragraph "36" of the complaint.

37. Denies the allegations set forth in paragraph "37" of the complaint.

38. Denies the allegations set forth in paragraph "38" of the complaint.

39. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of the complaint.

40. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "40" of the complaint.

41. Denies the allegations set forth in paragraph "41" of the complaint.

42. Denies the allegations set forth in paragraph "42" of the complaint.

43. Denies the allegations set forth in paragraph "43" of the complaint.

44. Denies the allegations set forth in paragraph "44" of the complaint.

45. Denies the allegations set forth in paragraph "45" of the complaint.

46. Denies the allegations set forth in paragraph "46" of the complaint.

47. Denies the allegations set forth in paragraph "47" of the complaint.

48. Denies the allegations set forth in paragraph "48" of the complaint.

49. Denies the allegations set forth in paragraph "49" of the complaint.

50. Denies the allegations set forth in paragraph "50" of the complaint.

51. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "51" of the complaint.

52. Denies the allegations set forth in paragraph "52" of the complaint.

53. Denies the allegations set forth in paragraph "53" of the complaint.

54. Denies the allegations set forth in paragraph "54" of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

55. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

56. Defendant has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

57. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties and was not the proximate result of any act of the defendant.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

58. At all times relevant to the acts alleged in the complaint, the duties and functions of the City's officials entailed the reasonable exercise of their proper and lawful discretion. Therefore, defendant City has governmental immunity from liability.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

59. Plaintiff may not have satisfied all the conditions precedent to suit.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

60. There was probable cause for plaintiff's arrest, detention and prosecution.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

61. Plaintiff may have failed to comply with New York General Municipal Law §§ 50(e), 50(h) and 50(i).

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

62. Punitive damages cannot be assessed against the City of New York.

**WHEREFORE**, defendant City of New York requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
August 6, 2007

By: /s/ Joyce Campbell Priveterre

MICHAEL A. CARDOZO
Corporation Counsel of the
  City of New York
*Attorney for Defendant City of New York*
100 Church Street, Rm. 3-148
New York, New York 10007
(212) 788-1277

JOYCE CAMPBELL PRIVETERRE (JCP 1846)
Assistant Corporation Counsel

Michael J. Andrews, Esq.
Michael J. Andrews, P.C.
60 East 42nd Street, 47th Floor
New York, New York 10165
Tel: (212) 557-7767
Fax: (212) 557-7765

Index No. **07 CV 3386 (LBS)**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LARRY DAVIS and BEVERLEY RICE,

                        Plaintiff,

-against-

THE CITY OF NEW YORK; and KARLENE TORRES, individually,

                        Defendants.

**ANSWER**

*MICHAEL A. CARDOZO*

*Corporation Counsel of the City of New York*
*Attorney for Defendant City of New York*
*100 Church Street, Room 3-148*
*New York, N.Y. 10007*

*Of Counsel:* Joyce Campbell Privéterre
*Tel: (212) 788-1277*
*NYCLIS No.*

Due and timely service is hereby Admitsted.
New York, N.Y.   August 6, 2007
        Joyce Campbell Privéterre, Esq.

Attorney for the City of New York